## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert R. Burke

v.

Sarah R. Burke

May 1, 2002

Case No. HN-1326-1

BY JUDGE MELVIN R. HUGHES, JR.

At initial and later hearings on the issue of child custody (which hearings are ongoing) in this pending divorce proceeding, defendant-wife requested and plaintiff-husband resisted defendant's attempt to discover information plaintiff may have imparted to Donald Denton, a minister and counselor to plaintiff, on the subject of domestic violence and anger management.

During the October 2001 hearing, the court denied wife's request on the ground of priest-penitent privilege. Later, during the testimony of Arnold Stolberg, a psychologist witness for husband, Stolberg said he had "read Dr. Denton's mental health records on Mr. Burke." Whereupon, wife renewed the request on the ground that the privilege was waived.

The earlier testimony of Donald Denton revealed that he is a minister, who is a pastor of a church of which plaintiff is not a member. Apart from his pastoral duties, Denton does counseling work for Virginia Pastoral Care, which accepts referrals for counseling from churches. In this instance, husband was referred by his church or pastor for counseling services, which Denton provided to both husband and wife, separately. When Denton counsels, he does so for pay either through third-party health insurers or from the persons receiving counseling services themselves.

In support of her request for access to husband's records held by Denton, wife cited Va. Code § 8.01-399 which deals with the right to discover facts communicated to a health care provider when the physical or mental condition of a party is at issue in a civil proceeding. Husband defended

against the request citing Va. Code § 8.01-400, which is a statutory enactment of the priest-penitent privilege. It has been observed that the section grants the privilege only to the minister, not the penitent. *Seidman v. Fishburn-Hudgins Educ. Found., Inc.*, 724 F.2d 413 (4th Cir. 1984). Husband contends that Denton did not disclose to Stolberg, he did, and since the privilege is with Denton, the privilege has not been waived.

Va. Code § 8.01-400 provides in its pertinent parts:

> No regular minister, priest, rabbi, or accredited practitioner . . . of any religious organization or denomination . . . shall be required to give testimony as a witness or to relinquish his notes, records, or any written documents . . . in discovery proceedings in any civil action which would disclose any information communicated to him in a confidential manner, properly entrusted to him in his professional capacity and necessary to enable him to discharge the functions of his office according to the usual course of his practice or discipline. . . .

On reexamining the issue, the court thinks the ruling denying wife access to Denton's records was erroneous. The privilege does not attach, as wife contended originally, because Denton did not come by any information by providing counseling in his "professional capacity . . . necessary to enable him to discharge the functions of his office . . ." as a minister. Rather, at the time Denton rendered counseling services with Virginia Pastoral Care, he was acting as a counselor for compensation. The statutory privilege is meant to extend to spiritual counseling by a priest or minister as a part of his office or position as a minister.

Moreover, the privilege is in place to guard against divulging confidential information imparted to a minister. When husband shared that information with another, Stolberg, confidentially was lost. The statute extends the privilege to the priest regarding information communicated . . . in a confidential manner. . . . Again, the information was made no longer confidential when plaintiff gave the records to Stolberg. Thus, the privilege is no longer applicable or implicated.

Accordingly, defendant can discover Denton's records either from Denton or from husband himself.